Filed 4/19/23  P. v. Tate CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C096307 |
| v. | (Super. Ct. Nos. 21F162, 19F153) |
| RANDALL JOSEPH TATE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Randall Joseph Tate asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Based on our review of the record, we will direct the trial court to correct the abstract of judgment.  Finding no other arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Defendant was charged with sexual intercourse and sodomy of a child 10 years old or younger by a person older than 18 years old (Pen. Code, § 288.7, subd. (a) - count I)[1]

---

[1] Undesignated statutory references are to the Penal Code.

and committing a lewd and lascivious act on a child under 14 years old (§ 288, subd. (a) - count II).

On February 26, 2020, the trial court found defendant incompetent to stand trial. On March 23, 2021, the trial court reinstated criminal proceedings.

Two witnesses testified at defendant's jury trial. P.L., who was 13 years old during trial, testified that once during the 2014-2015 school year when he was six years old, defendant pinned him with one arm behind his back, "stuck his penis inside of [P.L.'s] butt and thrusted several times." B.L., P.L.'s mother, testified that defendant was her brother, who was born in March 1980, and would sometimes stay with her and her family in 2015. B.L. said around the time alleged in the complaint she would sometimes leave the kids at home for about 15 minutes to run to the store. B.L. also had surgery around that time and so she slept a lot due to the effects of pain medication.

Defendant did not testify or present any evidence.

On February 9, 2022, the jury acquitted defendant of sodomy of a child under 10 years old (count I) but found him guilty of committing a lewd and lascivious act on a child under 14 years old (count II).

On May 5, 2022, the trial court sentenced defendant to the midterm of six years and imposed a $1,800 restitution fine (§ 1202.4), a $1,800 parole revocation fine (§ 1202.45), a $30 conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.8).

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Based on our review of the record, we note that the abstract of judgment must be corrected. The year defendant committed the crime is listed as 2021, but it should be 2014. Additionally, the date of conviction is listed as "5/5/22," but it should be February 9, 2022. An appellate court may order the correction of clerical errors in the abstract of judgment even on its own motion, without a request by either party. (*People v. Mitchell* (2001) 26 Cal.4th 181, 186-187.) We will direct the trial court to correct the abstract of judgment.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed. The trial court shall correct the abstract of judgment to state the year the crime was committed as 2014 and the date of conviction as February 9, 2022. The trial court shall forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


       /S/
MAURO, Acting P. J.


We concur:


       /S/
KRAUSE, J.


       /S/
MESIWALA, J.